IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONES DAY <br> 51 Louisiana Avenue, N.W. <br> Washington, D.C. 20001, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD M. SCRUSHY <br> 2310 Marin Drive <br> Birmingham, AL 35243, <br><br> Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Jones Day ("Jones Day" or the "Firm"), by its undersigned attorneys, files this Complaint against Defendant Richard M. Scrushy ("Scrushy"). Because Scrushy is a former client of Jones Day, this matter is pled without elaboration consistent with the provisions of District of Columbia Rule of Professional Conduct 1.6 and Comments [24]-[25] thereto. Jones Day seeks money damages and other relief and alleges as follows:

## THE PARTIES

1. Jones Day is a partnership formed for the practice of law with offices in several states and countries, including Washington D.C.

2. Scrushy is a citizen of the State of Alabama. He is the former Chief Executive Officer and Chairman of the Board of Directors of HealthSouth Corporation and its predecessor company, HealthSouth Rehabilitation Corporation (collectively, "HealthSouth").

**JURISDICTION**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is diversity of citizenship between the parties, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) due to the fact that a substantial number of the events giving rise to the claim occurred in the District of Columbia.

**FACTUAL ALLEGATIONS**

5. Jones Day represented Scrushy from approximately March 31, 2003 to on or about November 6, 2003, at which point Scrushy terminated the Firm. Following the termination, Scrushy refused to compensate Jones Day for its services and expenses as provided for under the parties' original retainer agreement (and subsequent amendment thereto). To date, the amount of $3,382,078.94 in legal services and reimbursable costs and expenses remains unpaid to Jones Day.

6. Initially, Jones Day represented Scrushy with respect to civil proceedings brought by the United States Securities and Exchange Commission (SEC) in the Northern District of Alabama. Such proceedings were concluded by an opinion of the United States District Court for the Northern District of Alabama on or about May 6, 2003 that vacated in its entirety an *ex parte* freeze order imposed upon Scrushy's assets. Scrushy paid Jones Day in full for the services that it rendered with respect to this matter.

7. From May 7, 2003, through on or about November 6, 2003, Jones Day provided services to Scrushy in connection with a pending grand jury investigation, an eventual indictment and related matters.

2

8. In September 2003, Jones Day presented Scrushy with bills for services rendered and expenses incurred by the Firm from May 7, 2003, through August 31, 2003, which totaled $2,119,188.37. At no time prior to terminating Jones Day did Scrushy object to any item on the bills presented to him in September 2003.

9. In October 2003, Scrushy made a payment of $2 million against the bills currently pending and, through his agent, Donald V. Watkins ("Watkins"), indicated that Scrushy would be making future payments to Jones Day pursuant to the parties' agreement. Upon receipt of this payment for legal services and costs, Jones Day deposited the entire $2 million in its trust account.

10. Jones Day thereafter withdrew $908,381.29 from its trust account in partial payment of amounts invoiced. The remaining balance of $1,091,618.71 continues to be held in Jones Day's trust account in accordance with District of Columbia Rule of Professional Conduct 1.15(c).

11. In January 2004, at Scrushy's request, Jones Day provided Scrushy with detailed bills documenting its fees and services for the period from May 7, 2003, to the end of the representation, which totaled $4,290,460.23. A balance of $3,382,078.94 currently remains due and owing to Jones Day (the $1,091,618.71 being held in Jones Day's trust account, plus an additional $2,290,460.23 that remains unpaid).

## COUNT I - ACCOUNT STATED

12. Jones Day incorporates by reference and realleges paragraphs 1 through 11 above.

13. Jones Day and Scrushy were parties to a valid contract in which Scrushy agreed to pay Jones Day for legal services rendered and to reimburse the Firm for the costs and expenses incurred in its representation of him.

14. Jones Day provided Scrushy with bills for services rendered and expenses incurred. Scrushy failed to object to those bills within a reasonable time period and made partial payments of those bills. Scrushy also explicitly acknowledged, via Watkins, that he owed Jones Day additional money and intended to make such payment.

15. As a result of the foregoing wrongful conduct of Scrushy, Jones Day has suffered substantial monetary loss. Jones Day, therefore, seeks a declaratory judgment, damages, and other relief as set forth below.

## COUNT II - BREACH OF CONTRACT

16. Jones Day incorporates by reference and realleges paragraphs 1 though 15 above.

17. Jones Day and Scrushy were parties to a valid contract in which Scrushy agreed to pay Jones Day for legal services rendered and for reimbursement of the costs and expenses incurred.

18. Scrushy has intentionally, recklessly and/or negligently breached the contract by failing to pay in full for the legal services rendered.

19. As a result of the foregoing wrongful conduct of Scrushy, Jones Day has suffered substantial monetary loss. Jones Day, therefore, seeks damages and other relief as set forth below.

## PRAYER FOR RELIEF

**WHEREFORE,** Jones Day respectfully requests that this Court enter:

(a) A judgment pursuant to 28 U.S.C. § 2201(a) that declares that Jones Day is entitled to withdraw the amount of $1,091,618.71 currently held in its trust account as partial payment for services rendered and costs incurred during its representation of Scrushy;

(b) A money judgment in favor of Jones Day and against Scrushy for the additional amount of $2,290,460.23 for services rendered and costs incurred;

(c) An award to Jones Day of its costs, fees and expenses, including reasonable attorneys' fees; and

(d) An award of such other and further relief as may be just, proper and equitable.


Dated: March 13, 2006                        Respectfully submitted

                                             _____
                                             Mark W. Foster (D.C. Bar No. 42978)
                                             Thomas B. Mason (D.C. Bar No. 413345)
                                             Lisa L. Barclay (D.C. Bar No. 486282)
                                             ZUCKERMAN SPAEDER LLP
                                             1800 M Street N.W. Suite 1000
                                             Washington, D.C., 20036
                                             (202) 778-1800

                                             *Attorneys for Plaintiff Jones Day*